**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 108807



UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JENNIFER DUTTON, <br><br> Plaintiff, <br><br> vs. <br><br> GOLD KEY CREDIT, INC., <br><br> Defendant. | Docket No.  <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

JENNIFER DUTTON (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Gold Key Credit, Inc. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA")

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. This Court has personal jurisdiction over Gold Key Credit, Inc. because Gold Key Credit, Inc. maintains its principal place of business in Florida

4. Venue is proper under 28 U.S.C. §1391(a)(2) because Gold Key Credit, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions

1

giving rise to the claim occurred in this Judicial District.

5. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## PARTIES

6. Plaintiff is an individual who is a citizen of the State of New York and resides in this Judicial District.

7. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

8. On information and belief, Defendant's principal place of business is located in Brooksville, Florida.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

13. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence annexed hereto as "Exhibit 1."

15. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. As set forth in the following Counts, Defendant's communication violated the FDCPA.

2

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

19. One such requirement is that the debt collector provides "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

20. A debt collector has the obligation, not just to convey "the name of the creditor to whom the debt is owed," but also to convey such clearly.

21. Even if a debt collector conveys the required information, the collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

22. When determining whether "the name of the creditor to whom the debt is owed," has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

23. Here, Defendant's letter indicates a creditor of "PORT EMS-NESPEM1."

24. The use of "PORT EMS-NESPEM1" is confusing to the least sophisticated consumer.

25. The use of "PORT EMS-NESPEM1" fails to convey the name of the creditor to whom the debt is owed in a clear and unambiguous way.

26. Defendant has violated § 1692g as it failed to clearly convey the "creditor to whom the debt is owed."

## SECOND COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations as to the Name of the
### Creditor to Whom the Debt is Owed

27. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

28. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

misleading representation or means in connection with the collection of any debt.

29. While § 1692e specifically prohibits certain practices, the list is nonexhaustive, and does not preclude a claim of falsity or deception based on nonenumerated practice.

30. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

31. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

32. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

33. Because the collection letter in the instant case was reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

34. The "least sophisticated consumer" would likely be deceived by Defendant's conduct.

35. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## JURY DEMAND

36. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Statutory damages against Defendant pursuant to 15 U.S.C. § 1692k of $1,000.00; and

    b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    d. Plaintiff's costs; together with

    e. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: April 27, 2015

                                                BARSHAY SANDERS, PLLC

                                                By: _____
                                                Craig B. Sanders, Esq.
                                                100 Garden City Plaza, Suite 500
                                                Garden City, New York 11530
                                                Tel: (516) 203-7600
                                                Fax: (516) 706-5055
                                                csanders@barshaysanders.com
                                                *Attorneys for Plaintiff*
                                                Our File No.: 108807

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DEPT 850    6202345415035
PO BOX 4115
CONCORD CA  94524

**Gold Key Credit, Inc.**
P.O. Box 15670 * Brooksville, FL 34604-0122
(800) 218-3280 * (866) 711-4082 - Fax

03/13/2015

Account Number: 010705897

ADDRESS SERVICE REQUESTED

#BWNFTZF #MGK6202345415035#

JENNIFER DUTTON

CENTEREACH NY

GOLD KEY CREDIT, INC.
P.O. Box 15670
Brooksville, FL 34604-0122

***PLEASE DETACH AND RETURN IN THE ENCLOSED ENVELOPE WITH YOUR PAYMENT***

Account Number: 010705897

The above mentioned account number has been turned over to this agency for collection.

Please forward payment in full in the enclosed envelope or call our office to arrange payment terms.

For your convenience we may be able to accept payment on your account by the following methods: Visa, MasterCard, Checks by Phone, and Western Union.

Please be advised that Gold Key Credit, Inc. reports to TransUnion and Equifax and your account may be reported if it is not paid. We recommend that you contact us.

Sincerely,
Sue Gilio

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you, and a copy of such verification or judgment will be mailed to you. Upon your written request within the 30 day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

This communication is from a debt collector.

New York City Department of Consumer Affairs License Number: 1276231

| Creditor | Regarding | Date of Service Last Activity | Principal | Other | Total |
|---|---|---|---|---|---|
| PORT EMS-NESPEM1 | JENNIFER DUTTON | 02/01/2014 | 270.00 | 0.00 | 270.00 |
|  |  |  |  |  | 270.00 |

MGK1-0313-576759427-00833-833